PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAFAA AL-ZERJAWI, | ) |
| | ) CASE NO. 4:16CV2743 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| JAMES KLINE, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendants. | ) **ORDER** [Resolving ECF No. 6] |

Pending before the Court is Plaintiff Safaa Al-Zerjawi's Motion to Alter or Amend Judgment. ECF No. 6. Defendant did not reply, and the time to do so has passed. For the following reasons, the Court denies Plaintiff's Motion.

**I. Background**

Plaintiff brought suit pursuant to 42 U.S.C. § 1983 alleging that various doctors and prison officials were deliberately indifferent to his medical needs in violation of the Eighth Amendment. ECF No. 1. Plaintiff twisted his lower back while lifting a laundry bag. *Id.* at PageID #: 5. He contends that although he was in pain, officers refused to call for medical assistance, a nurse refused to see him, and medical staff did not provide him with appropriate care. *Id.* at PageID #: 5–8. The Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, finding that Plaintiff had not shown that the medical staff was deliberately indifferent to his needs. ECF No. 4. The Court noted that Plaintiff had been seen in Medical for

(4:16CV2743)

complaints about his leg and back pain on a number of occasions, and steps were taken to diagnose and treat his condition. *Id.* at PageID #: 69.

Plaintiff moves to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). ECF No. 6. Plaintiff contends that the Court did not address "pertinent facts related to Plaintiff's injury to his back," including: that the medical staff did "nothing" to address Plaintiffs' condition; that Plaintiff lost complete function of a portion of his lower right leg because the injury had progressed without proper intervention; and that Plaintiff has suffered "permanent nerve damage and paralysis due to the Defendants' indifference." *Id.* at PageID #: 72–74.

## II. Standard of Review

When faced with a timely motion, a district court may grant a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) only if there was (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent manifest injustice. *Am. Civil Liberties Union v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). A district court "has considerable discretion in deciding whether to grant [a Rule 59(e)] motion." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *see also Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court.").

## III. Discussion

Plaintiff's Motion indicates that he believes there was a clear error of law, or that there is a need to prevent manifest injustice. *See, e.g.*, ECF No. 6 at PageID #: 74 ("Plaintiff is at a loss

2

(4:16CV2743)

as to how the Court could not find facts to liberally construe that would support his claim of a constitutional violation when it is clear that the indifference of the Defendants—some of which was obviously malicious—resulted in his permanent dysfunction and disability."). Plaintiff does not argue that he has acquired newly discovered evidence, or that there has been an intervening change in controlling law.

Plaintiff has not demonstrated a clear error of law or manifest injustice necessitating the amendment of the Court's judgment. Failure to provide adequate medical treatment to a prisoner constitutes a violation of the Eighth Amendment's prohibition against cruel and unusual punishment only when it can be said to result from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must show that he has a serious medical need or condition, and that the prison officials or staff members in question acted with deliberate indifference to it. *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014). To demonstrate deliberate indifference requires "more than mere negligence, more even than medical malpractice." *Id.* (citing *Estelle*, 429 U.S. at 106). "It requires something akin to criminal recklessness: The defendant must 'know [ ] that inmates face a substantial risk of serious harm and disregard[ ] that risk by failing to take reasonable measures to abate it.'" *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Furthermore, when a prisoner has received some treatment for his condition, in order to state a claim, he must show that the treatment he received, was "so woefully inadequate as to amount to no treatment at all." *Id.*

3

(4:16CV2743)

Plaintiff contends that "[t]he medical staff, consisting of Defendant(s), did nothing to address his condition, despite many attempts by the Plaintiff to obtain care." ECF No. 6 at PageID #: 72. Plaintiff had an EMG, MRI, CT scan, and was seen by specialists who assessed his condition as permanent nerve damage. ECF No. 1 at PageID #: 7–10. He was provided physical therapy, and was referred to a foot doctor in Columbus for braces and supportive shoes. Id. at PageID #: 8–9. Accordingly, it is inaccurate to state that Plaintiff received no medical attention.

Plaintiff further argues that surgery would have prevented the pain he is in now, citing the opinion of a specialist he talked to *via* video conference. ECF No. 6 at PageID #: 72–73. Plaintiff was also seen by Dr. Kline, who determined that Plaintiff did not need surgery. ECF No. 1 at PageID #: 7. Another specialist, evaluating Plaintiff *via* video conference "to determine the extent of [Plaintiff's] nerve damage, [his] need for surgery[,] and what type of procedure [he] may have to undergo," did not recommend surgery, instead ordering medication and further X-rays. Id. at PageID #: 9.

That the doctors, and Plaintiff, disagreed as to the best course of treatment is not enough to rise to the level of a constitutional violation. The standard for determining whether a course of treatment is appropriate is whether it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Terrance v. Northville Regional Psychiatric Hosp., 286 F.3d 834, 844 (6th Cir. 2002). Courts should consider "whether a reasonable doctor . . . could have concluded his actions were lawful." Id. Plaintiff has been seen by numerous medical practitioners, was provided with physical therapy, and was fitted for

4

(4:16CV2743)

braces and supportive shoes. Plaintiff has not demonstrated that the treatment he received, was "so woefully inadequate as to amount to no treatment at all." *Mitchell*, 553 F. App'x at 604; *see generally Hardin v. Sowers*, 960 F.2d 149 (6th Cir. 1992) (unreported Table opinion) (finding no violation of the Eighth Amendment, despite differences of medical opinion concerning the plaintiff's illness, because "[t]he record clearly reveal[ed] a constant and conscientious attempt to treat him."). Accordingly, the Court finds that Plaintiff's Eighth Amendment rights have not been violated.

Plaintiff also alleges that a surgical referral should have been ordered after Dr. Kline's October 14, 2015 examination and that Defendants "knew that what they were doing was not effective in treating Plaintiff's condition[,] which required immediate intervention." ECF No. 6 at PageID #: 73–74. Plaintiff's disagreement with the level of testing or treatment he received does not rise to the level of a constitutional violation. *See Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) ("[D]ifferences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim."). Therefore, the Court finds that this argument is without merit.

## IV. Conclusion

For the foregoing reasons, the Court denies Plaintiff's Motion to Amend Judgment.

IT IS SO ORDERED.

|  August 18, 2017  |  /s/ Benita Y. Pearson  |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |